# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**RUBEN LOPEZ-LOPEZ**                                                         **PETITIONER**

VS.                              CASE NO. 2:08CV00088 SWW/HDY

**LISA SANDERS,**
**WARDEN, FCI FORREST**
**CITY, ARKANSAS**                                                            **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

Ruben Lopez-Lopez, is currently incarcerated at the Federal Correctional Complex in Forrest City, Arkansas. The petitioner is serving a two hundred thirty five month federal sentence for possession of cocaine with intent to distribute. This sentence was imposed in 2006 by the United States District Court for the District of Puerto Rico. In his petition, Mr. Lopez-Lopez claims that his trial attorney was ineffective for failing to file a motion to suppress. Mr. Lopez-Lopez concedes that he has already sought relief pursuant to 28 U.S.C. § 2255. He states, however, that the trial judge failed to understand his argument in the 2255 petition. He brings this claim pursuant to 28 U.S.C. § 2241.

A threshold issue must be addressed before the merits of the petitioner's claims are

considered: is a section 2241 petition the proper method for raising the arguments? Typically, section 2241 petitions address either the execution of a sentence or the conditions of confinement, not the imposition of a sentence, which is properly challenged via a section 2255 petition. *Cain v. Petrovsky*, 798 F.2d 1194, 1198 n. 3 (8th Cir. 1986). An exception to the general rule exists, in that section 2241 relief is available if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Thus, the issue is whether section 2255 is inadequate or ineffective to test the legality of the petitioner's conviction.

We are guided by the Eighth Circuit Court of Appeals decision in *United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000). The petitioner in that case had entered a guilty plea, filed an untimely section 2255 petition, and then filed a section 2241 petition claiming actual innocence. The Court considered whether section 2255 relief was inadequate or ineffective:

> While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases from our sister circuits make clear that more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. . . (citation omitted). Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied . . . (citations omitted), or because petitioner has been denied permission to file a second or successive § 2255 motion , . . . (citations omitted), or because a second or successive § 2255 has been dismissed, . . . (citation omitted), or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

207 F.3d at 1077. The Court further noted that the petitioner's claims, including actual innocence, could have been advanced in a timely § 2255 petition, and that the petitioner bears the burden of showing § 2255 relief inadequate or ineffective. *See, also, Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), and *DeSimone v. Lacy*, 805 F.2d 321 (8th Cir. 1986).

The petitioner contends he should be allowed to proceed via section 2241 for two reasons. One, he claims that he relied on an attorney's erroneous advice and that should excuse his burden

3

of showing section 2255 relief to be inadequate or ineffective. Mr. Lopez-Lopez claims that his attorney on a previous section 2241 petition told him that "Section 2255 did not prevent the filing of a motion under Section 2241, for any reason, once the statute of limitations of Section 2255 - one year - had expired." Petition, page 4. This argument is without merit. When Mr. Lopez-Lopez previously pursued Section 2241 relief, he was not entitled by the Constitution to receive effective assistance of counsel. Section 2241 relief is postconviction and civil in nature and not part of the trial and direct appeal process during which the trial attorney's constitutional obligation to represent a criminal defendant continues. The difference between postconviction, civil proceedings such as section 2241 actions and the criminal trial and direct appeal is significant. Since there is no constitutional right to counsel during section 2241 proceedings, *see Coleman v. Thompson*, 501 U.S. 722, 755 (1991), the petitioner bears the risk of any attorney errors during such a proceeding. Therefore, Mr. Lopez-Lopez may not point to his attorney's errors during a section 2241 proceeding to demonstrate why section 2255 relief is inadequate or ineffective.

The petitioner advances a second reason for allowing him to proceed via section 2241; the trial judge who decided petitioner's section 2255 petition failed to understand the petitioner's original argument. According to Mr. Lopez-Lopez, he advanced a claim of ineffective assistance of counsel for failure to file a motion to suppress but the trial judge misapprehended the argument as one relating to Rule 12(d). Even assuming that the petitioner is correct in his argument that the trial judge erred, it does not follow that such an error would render section 2255 relief inadequate or ineffective, thus paving the way to bring his claim of ineffective assistance in this section 2241 petition. As noted in *Lurie, supra*, the prior denial of section 2255 relief does not establish that remedy as inadequate or ineffective. Therefore, we find it is not proper to pursue relief via section

2241 with this Court. The statute itself directs petitioners such as Mr. Lopez-Lopez on the proper way to proceed. Section 2255 provides that a second or successive petition must be certified by the appropriate court of appeals[1].

Based upon the foregoing, we recommend that the petition for section 2241 relief be dismissed and the relief requested be denied. Our ruling is without prejudice to the petitioner's ability to advance his claim in the First Circuit Court of Appeals as part of a request to certify a second or successive motion for relief pursuant to section 2255.

II IS SO ORDERED this __8__ day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Since Mr. Lopez-Lopez was convicted in federal court in Puerto Rico, the appropriate court of appeals is the First Circuit Court of Appeals.